CAUSE NO. 01-13-00415-CR, 01-13-00416-CR, 01-13-00417-CR

| | | |
|---|---|---|
| JAVIER NOEL CAMPOS<br>Petitioner | *<br>*<br>* | IN THE COURT OF APPEALS |
| | * | FIRST JUDICIAL DISTRICT |
| VS. | *<br>* | |
| THE STATE OF TEXAS<br>Respondent | *<br>* | |

FILED IN
1ST COURT OF APPEALS
HOUSTON. TEXAS

FEB - 2 2015

CHRISTOPHER A. PRINE
CLERK

## MOTION FOR EN BANC RECONSIDERATION PURSUANT TO TRAP RULE 49.7

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAVIER NOEL CAMPOS, Petitioner in the above entitled and numbered cause and respectfully moves this Honorable Court to order En Banc Reconsideration of the Court's judgment pursuant to TRAP Rule 49.7 and would show the Court the following:

1. Petitioner filed a timely notice of appeal. Petitioner filed his Appellant brief on April 25, 2014 and the State filed the Appelle brief on September 5, 2014. The Appeals Court affirmed Petitioner's conviction and issued it's opinion on January 13, 2015.

2. The State misconstrued the facts of the case to the Court and painted a false factual picture that contributed to the Court's ruling.

3. The Appeals Court erred in overruling Ground One. The State failed to establish that Petitioner sexually assaulted the complainant beyond a reasonable doubt. The complainant originally denied any abuse. Petitioner denied allegations. The State did not produce any physical evidence or an eyewitness. No witness saw Petitioner do anything inappropriate to complainant. Ground One is a reversible error.

4. The Appeals Court erred in overruling Ground Two. The State went beyond the scope of an opening statement by introducing an inadmissible extraneous. The State violated Petitioner's Motion in Limine granted by the Court.

page 1 of 5

The Trial Court abused it's discretion by overruling defense counsel's objection and Motion for Mistrial. The State never introduced a police report during trial. The State's opening statement prejudiced Petitioner's trial process. Ground Two is a reversible error.

5. The Appeals Court erred in overruling Ground Three and Four. Trial Court abused it's discretion in allowing Stephanie Jones to testify beyond the scope of an outcry witness over defense counsel's objection. Trial Court also abused it's discretion by allowing inadmissible hearsay testimony over defense counsel's objection. The testimony is not based on personal knowledge of the witness. Evidence of Petitioner's guilt is weak and Jones' testimony plays an important role in the determination of Petitioner's guilt. Jones' inadmissible hearsay testimony prejudiced Petitioner's trial process. Ground Three and Four are reversible errors.

6. The Appeals Court erred in overruling Ground Five and Six. Trial Court abused it's discretion by allowing inadmissible hearsay testimony of unproven text messages from unknown third party. The State did not introduce prro of the exsitence of the text messages nor that they were from Petitioner. Testimony of the text messages prejudiced Petitioner's trial process. Ground five and Six are reversible errors.

7. The Appeals Court erred in overruling Ground Seven. The State introduced correspondence between Petitioner and complainant. The complainant stated the letters were from Petitioner while he was in prision. After defense counsel's objection was sustained and request for jury instruction granted, counsel requested a mistrial. Trial Court abused it's discretion when it denied defense counsel's request. Testimony of the letters from Petitioner while in prison prejudiced Petitioner's trial process. An instruction to

disregard can not cure the harm already done. Ground seven is a reversible errors.

8.    The Appeals Court erred in overruling Ground Eight. Trial Court abused it's discretion in denying Appellant's Theus Motion. Allowing the State to introduce Petitioner's prior convictions to impeach severely harmed him. The probative value of admitting Petitioner's prior convictions does not outweigh it's prejudicial effect. Alimiting instruction can not cure the harm caused by the introduction of Petitioner's prior convictions. The introduction prejudiced Petitioner's trial process. Ground Eight is a reversible error.

9.    The Appeals Court erred in overruling Ground Nine. Trial Court abused it's discretion by allowing the State to introduce Petitioner's 1992 conviction (over tens years old) by taking a 2006 midemeanor conviction over defense counsel's objection. The misdemeanor assault is not a crime of moral turpitude making it improper to tack to the 1992 conviction. The probative value of the introduction of the 1992 conviction does not outweigh it's prejudicial effect. The introduction of the conviction prejudiced Petitioner's trial process. Ground Nine is a reversible error.

10.    The Appeals Court erred in overruling Ground Ten and Eleven. The Trial Court abused it's discretion by allowing the introduction of two misdemeanor convictions for impeachment purpose over defense counsel's objection. Neither conviction is a crime of moral turpitude. The Court stated,"I just think that has to be common sense in the law if assaulting a woman is a moral turpitude, you would think that assaulting a minor child is moral turpitude." The Court does not state any authorities, just assumptions. The probative value of the introduction of the two misdemeanor convictions does not

outweigh it's prejudicial effect. The introduction of the convictions prejudiced Petitioner's trial process. Ground Ten and Eleven are reversible errors.

11.    The Appeals Court erred in overruling Ground Twelve. Trial Court abused it's discretion by allowing the State to shift burden of proof to Petitioner over defense counsel's objection. The burden of proof is on the State. The State's argument to the jury is improper and not permissible. This put the jury in a position to consider Petitioner's guilt for failing to offer proof against the complainant. The State's improper argument prejudiced Petitioner's trial process. Ground Twelve is a reversible error.

12.    The Appeals Court erred in overruling Ground Thirteen. Trial Court abused it's discretion by cumulating Petitioner's prison sentences. Petitioner elected to have the jury assess punishment. The jury had a choice between 5 to 99 years of life; they chose sixtyeight years. Without stacking sentences, Petitioner is required to do thirtyfour years before being eligible for parole. By stacking Petitioner's sentences, the Court essentially overrid the jury's decision and gave him life in prison without the chance of parole. This is overkill and cruel punishment. Trial Court prejudiced Petitioner's trial process. Ground Thirteen ia s revesible error.

Respectfully Submitted,

_J. Campos_

Javier N. Campos-Petitioner
Pro Se Representation
TDCJ No. 1854678
3060 FM 3514
Beaumont, TX. 77705

## CERTIFICATE OF SERVICE

I, Javier N. Campos, certify that a true and correct copy of the foregoing Motion was mailed to the District Attorney, Harris County, 1201 Franklin, Suite 600, Houston, Texas 77002 on this 27th day of January, 2015.

Respectfully Submitted,

_J. Campos_
Javier N. Campos-Petitioner

Javier Noel Campos
TDCJ No. 1854678
Stiles Unit
3060 FM 3514
Beaumont, TX. 77705

FILED IN
1ST COURT OF APPEALS
HOUSTON. TEXAS

FEB - 2 2015

CHRISTOPHER A. PRINE
CLERK

January 27, 2015

Clerk
Court of Appeals
First District
301 Fannin St.
Houston, TX. 77002

Re: Motion for En Banc Reconsideration

Dear Clerk:

Enclosed please find Motion for En Banc Reconsideration. Please file it and bring it to the attention of the Court for consideration. Also, please date stamp the copy and return it to me in the SASE. If you have any questions please feel free to contact me at anytime at the above address.

Respectfully Submitted,

Javier N. Campos-Petitioner
Pro Se Representation

CC:
   Campos File



Clerk
Court of Appeals
First District
301 Fannin Street
Houston, TX. 77002-2066

RECEIVED
RST COURT OF APPEALS
HOUSTON, TEXAS

FEB - 2 2015

CHRISTOPHER A. PRINE
LERK

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

FEB - 2 2015

CHRISTOPHER A. PRINE

CLERK